### GODFRY v. MATZENE et al.

(Supreme Court, Appellate Division, Fourth Department.   March 9, 1916.)

INJUNCTION ☞170—VACATION EX PARTE—ACTION OF APPELLATE DIVISION—STATUTE.

The Appellate Division will not exercise any power, to vacate ex parte temporary injunction order, it may have, under Code Civ. Proc. § 626, providing that a party enjoined without notice may apply ex parte for an order vacating or modifying the injunction order, where it is not clear that the papers on which the order was granted, on which the motion to vacate must be determined, do not make out a case for such temporary restraining order.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 355, 356; Dec. Dig. ☞170.]

Merrell, J., dissenting.

Action by Antonia Baumer Matzene against James J. Godfry and another.  Application ex parte on behalf of Joseph G. Glass, as receiver, etc., to vacate a restraining order granted by the Supreme Court, enjoining the receiver and others from taking any proceedings in another action until the hearing and determination of the motion contained in the order sought to be vacated.  Application denied.

Argued before KRUSE, P. J., and FOOTE, LAMBERT, and MERRELL, JJ.

Charles E. Spencer, of Syracuse, for applicant.

PER CURIAM.  The application ex parte to vacate the injunction should be denied.  While the Appellate Division of this Department may have power under section 626 of the Code of Civil Procedure to vacate and set aside without notice the injunction order (Matter of Porter, 30 App. Div. 251, 51 N. Y. Supp. 613), we think the power should not be exercised.  It is not so clear that the papers upon which the order was granted do not make out a case for a temporary restraining order as to warrant setting aside the order summarily and without notice.  This motion must be determined upon those papers alone.  The order to show cause why the injunction should not be continued is returnable at Special Term to-morrow, at which time a full hearing may be had, and we cannot assume that that court will not make a proper disposition of the matter.

MERRELL, J., dissents.